The third case this morning is number 16-1470 Securus Technologies Inc. vs. Global Talent Corporation. This is again a case where there's a problem with the confidentiality markings. Counsel has written a letter, which I understand is an offer to correct this. And is there anything that either of you wants to say about that? Your Honor, J.C. Rosendahl for GTL. The purpose of our letter was to try to anticipate the problem that might arise about the extent to which the operative contracts can be discussed here today. You've improperly marked in the briefs. You've marked legal argument again, and you shouldn't be doing that. And the question is, can you fix it? Can you remove the confidentiality markings and file new public briefs? Yes, Your Honor, we can. Why don't you do that? We'll give you two weeks to do it. Thank you, Your Honor. All right. Let's start with the merits, Mr. Rosendahl. May it please the Court. Both the appeal and the cross-appeal in this case each raise just a single relatively self-contained issue. The issue in GTL's appeal is whether when a breach of contract action is tried in federal court and attorney's fees are claimed as an element of damages, is it fatal to the plaintiff's case that an expert was not designated under Rule 702 at the time that the exchange of expert reports usually happens in the case? As I read the cases, I don't think you have to designate your counsel as an expert, but I think you do have to present evidence from your counsel as to the reasonableness of the attorney's fees or some other person who's an expert. Correct? Well, I disagree with that. I want to be sure I understood Your Honor's question. We agree that at trial, it would be appropriate to show the reasonableness of the fees with attorney testimony and for purposes of this appeal. Wait, necessary at trial? Yes, Your Honor. The reasonableness of the fees is an element of the cause of action. We agree with that. Okay. So your problem here, it seems to me, is that on summary judgment, you didn't put in, in opposition to the summary judgment motion, proof of the reasonableness. But that was not the issue that was presented to the court at the time. The two issues that were raised on summary judgment by the other side were, number one, you haven't tabulated, you haven't totaled up your invoices to give us your computation of damages, and number two, you blew the deadline for designating experts, and therefore you're dead. They did not say the evidence that you've given us in the form of all of your billing records is somehow insufficient or is not reasonable. It was a purely procedural point. And so we responded by saying, well, here's a revised interrogatory answer that totals up all the invoices that you admit that you have. And by the way, we don't have to designate an expert now. We can designate an attorney as a trial witness when it comes time to designate trial witnesses much closer to trial. That was the nature of the argument. And what would be the nature of the testimony of that trial witness? Wouldn't it be on the basis of an expert to testify as to the reasonableness of the fees in the local community? Well, I think the Texas cases give examples of extremely scant testimony by attorneys about, to the effect that, you know, this is the fees that I normally charge for this sort of work, for comparable work. This is the sort of fees, given the complexity of the action. These were sort of my reasonable, normal way of handling the issue. And I don't think to call that expert testimony within the meaning of Rule 702 is something that can't be reconciled with the Fifth Circuit's case in the American Home Assurance decision. So there we had a situation where an attorney was ready to give testimony about reasonableness. There was a motion in Lemonnet that prevented that particular aspect of the testimony coming in. But it's undisputed that the attorney in that case had not been designated as an expert under 702. And yet, so if the federal, if the rule in this case had been applied in that case, then the case would have been over. But instead, the Fifth Circuit said, what you need to do is go back and put in testimony about reasonableness from your attorney who's not been designated as an expert. And that's not all that unusual. I think, for example, if the court will look at, consider the Advisory Committee's notes to Federal Rule of Evidence 701, it talks about lay opinion about things that might at first blush appear to require expert testimony. For example, a business owner or the officer of a corporation can talk about the value of the business or the expected profitability of the business without being an expert in valuation or forensic accounting. Are you, you're emphasizing it right from the start. You said in a federal case, emphasizing that this is the federal court as opposed to a state court. But I understood the position that the parties took in the briefs to be that this is governed by Texas law. And you are arguing that Texas law does not, in fact, require an attorney expert to testify and relying on language in American home where the court said either an expert or the claimant's attorney. But leaving unresolved, at least on the face of it, the question of whether that claimant's attorney had to be an expert as understood under Texas law. Are you taking a different position now and saying that Texas law isn't really what governs? It really is a question of federal rules of evidence? Well, what I'm saying is that we accept that under Texas law, as I responded to the question earlier from Judge Dyke, there has to be testimony on reasonableness from an attorney. But do you also accept that under Texas law, setting aside Section 38.001 of the Procedural Code and Remedies Act, do you accept that a proof of damages, attorney's fees as damages, require experts either in the form of an expert or an attorney expert designated as an expert? I understood from your brief you did not accept that proposition. That is correct. I do not accept that proposition. But I don't know that it's necessary to resolve the question of what Texas courts think. Well, that's where I was going with my question, because it sounds to me like you're walking away from being bound by the Texas law on this. In other words, if we were to decide in this case that Texas law is very clear, you need to have an attorney expert. And in Texas courts, if you don't disclose your attorney expert at the time that you're supposed to disclose experts, you lose. I think there's a case among the cases cited here, Lessicar, which has exactly those facts. Do you accept that that Texas law, if that's the Texas law we conclude, that you would lose this case? No, Your Honor, because I think this is exactly the sort of the trick that the other side is trying to play here. They're trying to use Texas substantive law about breach of contract because the entire Texas rules of civil procedure have not been imported into the federal courts. Let me see if I can clarify this. What I think everybody's agreeing on is that there either has to be an expert or your own attorney. And in Texas, they may treat your own attorney as an expert under those circumstances. But you're saying the fact that Texas may treat that attorney as an expert doesn't mean that for the federal rules in terms of designating an expert that that person is an expert. Yes. Thank you, Your Honor. So I think that we agree that there has to be attorney testimony on reasonableness. The question is, is it appropriate to identify the attorney who's going to give that that testimony at the time the trial witnesses are identified? Or is it necessary to designate them formally as an expert under Rule 702 at the time that expert reports are exchanged? And our point is that under the American Home Assurance case, that's not the rule. It's not the case that a failure to name an attorney as an expert under Rule 702 is fatal. The attorney can give testimony on the reasonableness of the fees later at trial. So that's the nature of the argument. And I think the case that one of the cases that Your Honor alluded to, I mean, the strongest statement of that rule in Texas is probably the E.F. Hutton against Youngblood case where the Texas Supreme Court effectively said, as Your Honor had said, you didn't identify the expert in time and therefore you're precluded. But the facts of that case, of course, were that the witness had not been identified as an expert at all. And then the attorney stood up at trial and said, oh, and Your Honor, I'm going to tell you about why my fees are reasonable. And the Texas Supreme Court said, no, that's too late. Right. That's what about Roth versus J.P. Morgan? Pardon me? What about the case of Roth versus J.P. Morgan? Your Honor, there have been a number of cases cited in that in the briefs. Well, there's a court said that an attorney's affidavit constitutes expert testimony that will support an award of attorney's fees in a summary judgment proceeding. So if the court's looking at an attorney's affidavit as expert testimony, it seems to me that what they're saying is that when your attorney testifies or testifies by way of declaration on an affidavit, we look at this as expert testimony. So wouldn't they have to designate that lawyer as an expert? But I think, again, Your Honor, the point is that what we know from the American Home Assurance case is that it's not necessary to designate the lawyer as an expert. But that case is ambiguous at best, wouldn't you say? Because the case addresses both statutory fees and also fees as damages, but it doesn't make a clear declaration as to the question that we're looking at right now. Oh, on the contrary, the Fifth Circuit expressly and explicitly addressed the question we're talking about right now. The record is clear that the attorney in question was not designated as an expert under 702, and the court also expressly held. But the court didn't discuss that aspect of the issue. The court simply said either an expert or the claimant's attorney. I don't recall the court saying something further, as you're suggesting, that and because the claimant's attorney was not designated as an expert, that's OK, because he doesn't have to be designated as an expert. There wasn't anything like that in the court's opinion, was there? Well, it is clear from the facts of the case that the attorney, and it's found on page 490 of the opinion, they offered the testimony of its chief counsel in the high chair action, Michael Levin. It did not designate him as an expert, nor did it offer a designated expert to testify about the reasonableness and necessity of the attorney's fees. And that was, if that were what were required, then the case would be over. But the court went on to say that it's OK to have him testify on remand about it, even though he was not designated as an expert in the federal court. So I think although it is true that an attorney has to testify, I don't think that the failure to designate the attorney as an expert at the time that other expert reports are exchanged is fatal to the cause of action. And once again, to return, you may have already answered this, but I just want to make sure of it. You don't disagree, do you, that under Texas law, if we were in Texas state court, then the failure to designate the expert, the attorney as an expert, would be fatal? Your Honor, I think that the answer is a little more complicated than that for a couple of reasons. First of all, the Texas cases are not uniformly clear on exactly whether the attorney is treated as an expert or is not treated as an expert. What case isn't clear on that? I read a bunch of these cases, and it seemed to me they were remarkably clear. If you look at the Woodhaven case, the Wollett case, the E.F. Hutton you mentioned, Gulf Paving, Twin City, and Geale, Twin City and Geale were cited in American Home, and those two cases both seem to me to be pretty clear in saying the attorney has to be an expert, is treated as an expert. Well, again, in Twin City, that issue didn't really arise because there was an attorney who gave testimony about it. I think it's true that the court refers to that attorney as giving expert testimony, but that wasn't necessary to be considered. I understand your argument about American Home, but I don't see anything in the Texas cases that helps you. Is there a single Texas case that you can point to and say, well, it really isn't necessary for the attorney to be characterized as an expert? Well, what I can say about the Texas cases is... Let me get the answer to that first. Is there a single Texas case that stands for the proposition that the attorney can testify, but isn't deemed to be an expert? We have cited at least one such case in our briefs, and I can take a moment to dig it up and give it to you on the phone. I believe it's a Butter Baron case. But the point is, it's at least ambiguous as to whether the testimony was treated as expert testimony or lay opinion testimony. But even under the Texas rules, there's more flexibility than the rule that you've stated would imply. Because after the E.F. Hutton v. Youngblood case was decided, the Texas Supreme Court issued a subsequent opinion in which it pointed out that there's always a good cause exception to the witness disclosure rule. And then even in cases where there's no good cause, the district court has the ability to allow undisclosed experts to testify subject to prejudice standards. So it's not game over in the way that the district court ruled here. Well, but the district court... I mean, I don't know that the district court was asked to invoke one of the exceptions to the requirement that you disclose experts at a certain point. But he decided not to. Well, fair enough. Again, our point was that the mere fact that we did not designate the attorney as an expert at the time that expert reports were exchanged should not have been fatal to the claim. I think I need to reserve the balance of my time. Why wouldn't you have designated him as an expert, given, in your view, that the law is in a flux about this? If that's the case, what would prevent you from making that designation? What would prevent us from making the designation? Well, why did you choose not to? Well, frankly, I thought it was – I think the perception was that it was a little odd and unseemly to designate trial counsel as an expert on the reasonableness of their own fees. That seemed like an odd thing to do, although we were certainly prepared to have counsel or counsel who worked for the client talk about the work that was done, whether it was reasonable, whether it was the sort of thing that is ordinarily charged or ordinarily paid for. Well, there are various aspects of Texas law that are odd, perhaps. But when in Rome, you typically do as the Romans, and you were in Rome. Well, except that, again, I think even the Texas cases – the rule that the Texas cases are concerned about is avoiding trial by ambush and avoiding witnesses who are not designated as witnesses at all stand up and start giving testimony on reasonableness. And I think that, again, it may be that they call that expert testimony, but I think it is – it's also clear that, you know, however that testimony gets put in, it doesn't require the designation of the expert under Rule 702 at the time that expert reports are exchanged. Okay. Thank you, Mr. Rosenbaum. Mr. Strachan? Thank you, Your Honor. May it please the Court. Mr. Rosenbaum said that you didn't argue at the summary judgment stage in the district court that the failure to submit a declaration from the attorney was fatal. Is that correct? Your Honor, that is incorrect. I would cite to the Court Appendixes page 658, 660. Wait, wait, wait. What's your best page? 658? 658, 660. No. 662. Wait, wait, wait. Yes, sir. I'm sorry. Tell me where you made this argument. Your Honor, perhaps we could start with 654. This is from the – our original motion for summary judgment, Account 1. Your Honor, we did not make the motion to rule on the basis of failure to disclose. Rather, this was a Rule 56. No, I'm not talking about failure to disclose. I'm talking about the waiver. I'm talking about whether they had to submit a declaration from the lawyer at the summary judgment stage with respect to reasonableness. And they say you didn't argue that the failure to submit a declaration was fatal. Did you argue that? Yes, Your Honor. Where? Well, we – the failure to submit a declaration would obviously have come after they filed their response and failed to – Where did you argue that the failure to submit a declaration was fatal? Your Honor, with regard to subsequently, we said on 760 of the appendix, which was our response – I don't see where you argued that the failure to submit a declaration from the expert is fatal. Your Honor, we've argued that there is no evidence, does not seek leave to designate an expert, has not identified a witness, admitted disclosures, or authenticated its answers. We also said they failed to designate – well, I just re-read. They have not disclosed or identified in any capacity, even in the response, a fact or an expert witness. Furthermore, Your Honor, I would like to draw the Court's attention – the background is in the initial Rule 26 disclosures as to computation of damages, GTL said we will provide that via an expert. At the very beginning, they said our evidence as to damage was come from an expert. Twenty days later, they repeated the same statement in a supplemental Rule 26 disclosure. We will provide the computation of damages evidence via an expert. A year later, in September of 2014 – these facts, by the way, are all set out in the motion for summary judgment in Appendix 659. A year later, in September of 2014, in response to an interrogatory asking, provide – I'm not asking about what they said. I'm asking about what you said. Your Honor, my point is that until their response, they have always said, we're going to – our evidence will be an expert. They did not provide an expert, and at the response, we said, you told the Court that you're going to provide an expert, and you didn't provide an expert or any other witness. So the basic question is whether – everybody seems to agree that there had to be testimonies, the reasonableness of the fees. Everybody seems to agree that that should come from their own lawyer. The question is whether, under federal procedure, that person had to be designated as an expert. Your Honor, I respectfully disagree. That's not the question. The question is, was there any summary judgment evidence before the trial court as to reasonable and necessary attorney's fees? And there was not. That is what the judge ruled on. But passing that question – I'm sorry? Passing that question is an issue as to whether you argued that or not, okay? Let's put that aside. There also appears to be an argument as to whether the testimony of the lawyer, the company's own lawyer, was expert testimony that required an expert designation. Your Honor, regardless of whether it did require an expert designation or a disclosure – No, address the question of whether it required an expert designation or not. Are you saying it didn't? Your Honor, I am saying it could be disclosed as a fact witness if the name is disclosed. Doesn't that cut your argument? What wouldn't – yeah, go ahead. I thought your position was that under Texas law, which by your argument governs here, it had to be an expert for damages. It was not good enough to have a fact witness. Well, Your Honor – Even if the expert was the claimant's own attorney. Well, Your Honor, a lawyer for a party testifying on attorney's fees is an expert. Whether designated or listed otherwise, the Texas courts consistently treat him as an expert on attorney's fees. In fact, they say you have to have someone of that ilk to provide the evidence of the reasonableness and necessity. So you've got to list someone, whether it's an attorney for the party or a retained third-party expert. And the Home case just merely says, no, you don't have to go out and retain a different expert. You can actually use an attorney in the case, but you still have to provide the evidence. But in that case, the attorney, as Mr. Rosenthal points out, the attorney was not qualified as an expert, was not disclosed timely as an expert, but the court seemed to say that that wouldn't necessarily matter. That wouldn't necessarily be fatal in the language of the passage that we discussed where they say the claimant's own attorney. Why isn't that, at least for purposes of the Fifth Circuit's view of the matter, enough to say that the attorney would not have to have been disclosed as an expert at the time of disclosing experts? As I read home, the court was saying you don't have to require a disclosure of a third-party retained expert, but you have to at least disclose an attorney, albeit the attorney for a party, who can testify as to the reasonableness and necessity. Does he have to be designated as an expert, or can he testify as a fact witness? Well, Your Honor, given the fact that he is an expert, he should be disclosed as an expert. But he wasn't disclosed at the time required for experts in the American Home case, but the court nonetheless seemed to say that he could testify. Is that not a fair reading of the case? I think that is a fair reading, and without a doubt, the court and judge, if Mr. Rosendahl had presented a declaration or somehow asked leave of court to say, I now designate myself as an expert on attorney's fees, and if allowed to testify, I would do so and so, the court was certainly within their discretion to say, I'm going to extend the deadline or allow you leave to submit that. And then we would have summary judgment evidence on the issue. Well, on that point, let me make sure that I understand the way the procedure would work in the Northern District of Texas. Mr. Rosendahl says, well, when you raised this in your reply on the summary judgment motion, it was too late for them to put anything in. I don't know whether the Northern District uses the surrebuttal system or what, but what options, at the point that you raised this issue in reply, having seen their evidence in the opposition and pointing out what you regarded as the insufficiency of it, what could they have done further that would have been acceptable to Judge Kincaid? Well, first, Your Honor, given my original motion which says there's no witness, they should have in their original response provided a witness declaration. Second, when they were silent on that, and I pointed it out in my reply, you were silent, the practice in the Northern District is certainly to allow a motion for leave or to allow a surreply or to otherwise bring to the attention of the trial court, okay, now we get it. As they do in the brief here, we acknowledge we need a declaration of an attorney as to reasonable necessity. We essentially made a couple, we omitted it, we missed the deadline, whatever the reason is, and we asked for leave. And that was available to them. In fact, in the response they said, we do not intend to name anyone. So to kind of wrap up, I do want to turn to the affiliate question, but to wrap, Your Honor, I would submit that in the motion for summary judgment we said nothing has been disclosed, witness, expert, or otherwise. We put them on notice you need somebody to raise the hand figuratively and say it's reasonable and necessary. And when they did not, we again repeated that challenge, you failed to do so. So the defect in your mind is the failure to submit a declaration, not a failure to designate the person as an expert? Absolutely, Your Honor. There was no evidence before the trial court, and therefore, under Rule 56, the court properly granted a summary judgment. That's the problem. Well, there was evidence before the trial court, but it's just sitting there, right? I mean, isn't it? I thought your position was that the failure to designate an expert made the evidence that was submitted immaterial. No, Your Honor. If that's the impression I've made, then I have made a wrong impression. Our point was there was no evidence from any source of reasonableness and necessity. The invoices didn't establish reasonableness. Precisely, Your Honor. That's the problem. There was nothing there for the trial court to say, here's a fact question on reasonableness and necessity. The court was compelled to grant a summary judgment. This case seems to me to be similar to somebody submitting an expert declaration on damages, sets out a methodology and a computation of damages, and yet doesn't call the expert to back up the report. I mean, there was evidence here. There was invoices, and there was material that had the court had the proper designation, the court could have made a decision as to the reasonableness. Respectfully noted, it could not. Without evidence of the court. Okay. I'm saying that's the problem. It could not make the determination as to reasonableness because there was no expert. The court could not make the determination of reasonableness because there was no evidence from a lawyer of any sort as to reasonableness of the fees. The invoices, which weren't even attached, they were spreadsheets. But regardless, you could take that. There's nothing in those papers that says this was a reasonable and necessary terms fee. That's the problem. The problem is that it required an expert to come in and say, these papers, disorganized as they may be, is evidence of reasonableness. It would certainly require that, but even the company themselves didn't offer an interrogatory saying, I'm an officer of the company and I think this is reasonable and necessary. There was no evidence from anyone. Certainly not an expert to be required. If I may, I'd like to turn to the question of affiliate. Your Honor, the issue, GTL is not a parent. That is undisputed. And the provision for the covenant not to sue noticeably omits the word parent. To get around that, GTL has taken the position that they are an affiliate. Your Honor, our position is simply that GTL, for purposes and in the context of the settlement agreement and the license agreement, is not an affiliate. There is context in those agreements. Essentially, that is intrinsic evidence that the court can use to determine the intent of the parties and the meaning. In this case, although the trial court acknowledged and said there is a settlement agreement and further there's a license agreement, which gives meaning to it, the court went outside the documents to consult Black's, one of many possible definitions, as to affiliate. Based upon this outside extrinsic evidence, determined as a matter of law that a parent, a subsequent parent, was an affiliate for purposes of this contract. Your Honor, it's very important to understand the context. This is a settlement in which Securus is granting a license to PCS and its affiliate, and it calls affiliate AGM, on those products, those entities' products. And that's it. They're deemed the licensed products. And without a doubt, that license would not extend to GTL even after they acquired it, because it was limited to the PCS and the AGM products. But what GTL is saying, although that's the scope of the license, and it would certainly make sense that the scope of the covenant not to sue would be parallel, they're now saying although we have many more products and much more activity, because we bought the company, we now can enjoy the protection from suit. Not because we're in the shoes of PCS, but because as a parent we enjoy the full covenant as to everything we own and practice. That, Your Honor, would frustrate the purpose of this clause. We've cited a lot of cases, and I would encourage you as you look at those, the courts always look for the context. In some context, for example, in the effort to remove or to create diversity jurisdiction, there's a certain, we don't want it abused, so we're going to take a certain view of what means an affiliate. In terms of fraud, transfers for fraud, it may mean something else. In terms of natural gases and common carrier pipelines, it may mean something else. Every time you look at when the court's dealing with the issue of what is an affiliate, it looks at the context, and then determines given what the context, the intent of the agreement, or the statutory scheme is. It's either broad, as in blacks, or it's more narrow. We've listed those. I think a great discussion of the various and myriad meanings is in the Magicon case where the court goes through and says all of these cases, all of these are possible definitions, and from the pleadings, the four corners of the agreement itself, we can't tell what the parties meant. Okay. Mr. Chairman, thank you. We're out of time. Thank you, Your Honor. Mr. Rosenthal, we'll give you two minutes. Thank you, Your Honor. I'd like to begin by just in response to Judge Bryson's question earlier about Texas cases that may or may not treat attorney testimony as expert testimony. I would direct the court to footnote 34 on pages 17 and 18 of our opening brief in which we have collected some cases that are at least ambiguous on that question. I read all those cases. I didn't find anything there that cut against the cases that I just listed. It seemed to me there wasn't a single one of them that actually came out and said not necessary to be expert. Is there? I don't know that there's a square holding that says, no, it doesn't have to be an expert. I think there are cases that seem to take what looks like none. They just didn't address the issue. Yes. But I think the key admission that we heard from Mr. Strachan was that the attorney could be disclosed as a fact witness if the name was disclosed. But, of course, the time to disclose fact witnesses was not until much later in the case. And I think following up on your point, Judge Dyke, you can search the record below in vain for a suggestion that we needed to put in an attorney declaration in order to overcome summary judgment. The district court's own opinion in addressing the summary judgment motions talks about the two questions it was asked to resolve. Those can be found in the joint appendix on pages 6 and 7 of the joint appendix. The court sets forth the questions it thought it was being asked to answer, and it was whether we had properly responded to discovery requests regarding the calculation and amount of damages, and second, did not designate an attorney expert to testify. So, again, the problem that we have here is that we put in evidence of the calculation. We were entitled later to designate an attorney at trial to talk about the reasonableness of the calculation. And then they came in and reply and said, you know, aha, you've given us a bunch of unauthenticated hearsay. Well, if they had said at the outset, you haven't given us your calculation and the only invoice you've given us are unauthenticated hearsay, we could have addressed that in our response. But for them to come back and reply and do it, you're too late. We're out of time. Thank you. I do thank both counsel. The case is submitted.